# TRAUB LIEBERMAN
# STRAUS & SHREWSBERRY LLP

NEW YORK | NEW JERSEY | FLORIDA | CHICAGO | LOS ANGELES

Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532

Telephone (914) 347-2600
Facsimile (914) 347-8898
www.traublieberman.com

January 24, 2017

Honorable Cathy Seibel
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York, 10601

Re: ***Lento v. City of Yonkers, et al.***
**16 cv 8819 (CS)**

Dear Judge Seibel:

We represent defendants in the above-referenced matter. We submit this letter pursuant to Section 2(A) of Your Honor's Individual Rules of Practice, to address defendants' anticipated motion to dismiss and request a pre-motion conference regarding such motion.

The instant action sounds in disability discrimination and retaliation. Five claims are asserted pursuant to the ADA, the NYHRL and for breach of contract. Plaintiff also seeks a declaratory judgment that he is entitled to certain contractual benefits under his Collective Bargaining Agreement. Plaintiff was hired by the Yonkers Public Schools ("YPS") in January of 2000 as an instrumental music teacher. Over the years, he held various positions with YPS as both an administrator and a music teacher, and is currently an instrumental music teacher assigned to Roosevelt High School.

The unnecessarily lengthy 152 paragraph complaint, which is impossible to succinctly summarize herein, is comprised largely of allegations regarding plaintiff's perceived accolades over the years, as well as a self-serving historical account of his alleged employment history, including matters that were or could have been included in prior complaints or are otherwise time-barred. Plaintiff has complained that he was denied discretionary special considerations and extra benefits to which he believes he should be entitled as a result of his allegedly stellar work history. Of note, plaintiff excused himself from, and refused to comply with, procedures that are a prerequisite to sick bank and are routinely complied with by every employee seeking to use sick bank (as found by OCR after a thorough investigation). In any event, plaintiff appears to be seeking (1) the other half of the annual stipend that was compromised when his Union settled his contract grievance after he had been out on leave for a significant portion of the 2015-2016 school year (2) vaguely alleged pension credit for 2011-2012, 2012 and 2016; and (3) payment of "his full sick bank".

Of note, plaintiff settled a disability discrimination and retaliation lawsuit with YPS by virtue of a settlement agreement and general release, executed on December 19, 2013. The inclusion of allegations pre-dating such release in the instant complaint, as well as a discussion of the terms thereof, constitute a violation of the express provisions of such agreement and release, which requires confidentiality. Significantly, such settlement also contains provisions whereby plaintiff agrees to return the settlement funds in the event of a breach of such agreement, not to prosecute any claim waived in such agreement or related to same, and to indemnify and hold YPS harmless for any future claims he asserts against the District that are waived therein. Plaintiff's "throw everything at the wall" tactic is a violation of both the prior settlement agreement and FRCP 8, and should be rejected by the court.

Moreover, the administrative charge that is the precursor of the instant action is a January 14, 2016 complaint with the NYSDHR, which was dual filed with the EEOC. That complaint was investigated by the NYSDHR and a finding of "no probable cause" was issued on August 8, 2016.[1] No review of that determination was sought. Accordingly, plaintiff's second and fourth claims herein, for disability discrimination and retaliation under the NYHRL, are barred because plaintiff elected his state remedies and cannot now assert such claims. *See, e.g., Rumsey v. Northeast Health, Inc.*, 634 Fed. Appx. 318 (2d Cir. Jan. 28, 2016); *York v. Assoc. of the Bar of the City of New York*, 286 F. 3d 122 (2d Cir. 2002). In addition, to the extent that the state claims can be interpreted as asserting more recent violations occurring after January 2016, which may not have been administratively exhausted for federal purposes, they fail to state a claim because plaintiff has not suffered any adverse action and there is no link between the alleged actions and his alleged disability or complaints. Moreover, the court should decline to exercise pendent jurisdiction over these discrete and otherwise non-actionable claims.

Plaintiff's fifth and sixth claims, for breach of contract and a declaratory judgment, are barred because an individual employee has no standing to sue for violation of a collective bargaining agreement between his employer and his Union. *Berlyn v. Board of Education*, 55 N.Y. 2d 912, 449 N.Y.S. 2d 30 (1983); *Hickey v. Hempstead Union Free School Dist.*, 36 A.D. 3d 760, 829 N.Y.S. 2d 163 (2d Dep't 2007). Moreover, plaintiff's Union filed grievances on his behalf, and those grievances were settled or withdrawn. Although plaintiff claims that he was entitled to a $3700 stipend in May 2016 (a school year where he was absent for a majority of same), but only received $1850, that was the result of a settlement of a contract grievance with his Union and cannot support any claim for relief herein.[2]

Plaintiff's first and third claims – for disability discrimination and retaliation under the ADA, also fail to state a claim upon which relief can be granted. Paragraphs 76-83 appear to relate

---

[1] The EEOC issued a Dismissal and Notice of Rights dated October 20, 2016, and adopted the findings of the SDHR, which was the Agency that investigated the Charge.

[2] That claim was also not administratively exhausted. Notably, plaintiff was absent from January 4, 2016 until September 2016. The question regarding whether he was nevertheless entitled to a stipend was a contract dispute and was resolved.

to the time frame that is covered by plaintiff's administrative charge.[3] However, failing to be considered for the teacher of the year, not being selected for an after school position with the All City Music Program, failure of YPS to provide press coverage for his students and failure of the District to "timely" give plaintiff the supplies he claims he needed for his students, do not constitute adverse employment actions.[4] Plaintiff has not been disciplined, demoted, terminated and has not otherwise suffered in the material terms and conditions of his employment. Courts addressing what constitutes an adverse employment action in the teaching context have held generally that dissatisfaction with assignments, undesirable work locations and alleged lack of supplies do not constitute adverse employment actions. *Galabya v. New York City Bd. of Ed.*, 202 F. 3d. 636 (2d Cir. 2000)(plaintiff's claims that he was denied certain assignments, forced to teach outside his area of expertise in inferior facilities did not rise to the level of stating an adverse employment action); *see also Klein v. New York University*, 786 F. Supp. 2d 830, 845 (S.D.N.Y. 2011); *Rogers v. Roosevelt Union Free School Dist.*, 2013 U.S. Dist. Lexis 175385 (insufficient supplies, miscommunications, clerical errors and denial of preferred classes are common frustrations that occur in the employment context and not adverse actions).

Moreover, it is well established that in order to raise an inference of discrimination, plaintiff must show that he was subjected to disparate treatment, specifically, that "'he was similarly situated in all material respects to the individuals with whom he seeks to compare himself.'" *Zuk v. Onondaga County*, 2012 U.S. App Lexis 12257, *3 (2d Cir. 2012). In the retaliation context, "an adverse action must be harmful to the point it could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57, 126 S. Ct. 2405 (2006). None of the legal standards are met here.[5]

As noted above, the issue regarding the other half of plaintiff's stipend is a contract issue that was compromised through the settlement of a grievance. Any allegations related to 2011 or 2012 are time barred and also barred by the settlement and release in his prior federal action. The claim for "pension credit" for 2016 is presumably related to the fact that he was not credited for sick bank time after he exhausted all of his time balances and refused to follow contractual procedures for obtaining such additional discretionary leave. Also, such claim was not administratively exhausted and is not an adverse employment action. Based on the foregoing, defendants respectfully request a pre-motion conference. Should you have any questions, I can be reached by telephone at (914) 586-7061 or by email at hraimondi@traublieberman.com.

Respectfully submitted,

Hillary J. Raimondi

---

[3] Anything referenced in plaintiff's administrative charge that occurred prior to January 14, 2015 is time barred.
[4] These claims have also been investigated by the US Department of Education Officer of Civil Rights. YPS has not been found to have violated the rights of any students or plaintiff.
[5] To the extent plaintiff suggests that he suffered a hostile work environment as a result of his disability, we are confident that the allegations in the complaint are insufficient to state such a claim.

Honorable Cathy Seibel
16-cv-8819
Page 4 of 4

Cc: Counsel for all parties via ECF