# TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

NEW YORK | NEW JERSEY | FLORIDA | CHICAGO | LOS ANGELES

Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532

Telephone (914) 347-2600
Facsimile  (914) 347-8898
www.traublieberman.com

March 10, 2017

Honorable Cathy Seibel
United States District Court Judge
Southern District of New York
300 Quarropas Street
White Plains, New York, 10601

> Re: **_Lento v. City of Yonkers, et al._**
> **16 cv 8819 (CS)**

Dear Judge Seibel:

     We represent defendants in the above-referenced matter. We submit this letter pursuant to Section 2(A) of Your Honor's Individual Rules of Practice, to request a pre-motion conference regarding defendants' anticipated motion to dismiss pursuant to FRCP 8 and 12(b)(6).

     The instant action sounds in disability discrimination and retaliation. Five claims are asserted pursuant to the ADA, the NYHRL and for breach of contract. Plaintiff also seeks a declaratory judgment that he is entitled to certain contractual benefits under his Collective Bargaining Agreement. Plaintiff was hired by the Yonkers Public Schools ("YPS") in January of 2000 as an instrumental music teacher. Over the years, he held various positions with YPS as both an administrator and a music teacher, and is currently an instrumental music teacher assigned to Roosevelt High School.

     While it is somewhat unclear from the unnecessarily lengthy 163 paragraph amended complaint exactly what plaintiff is claiming to be actionable, plaintiff appears to be seeking (1) unidentified compensatory and punitive damages related to matters that are not readily discernable and may be time-barred; (2) the other half of an annual stipend that was compromised when his Union settled his contract grievance after he had been out on leave for a significant portion of the 2015-2016 school year (3) pension[1] and seniority credit for his absence during the period March 29, 2016 through September 1, 2016; and (3) payment of sick bank for the period March 29, 2016 through September 1, 2016.[2]

     In the amended complaint, plaintiff continues to use the settlement of a prior lawsuit as part of the basis for his claims herein. The discussion of the terms thereof in the original complaint and

---

[1] It is unclear what plaintiff is referring to by "pension credit," especially because the pension is administered by New York State.

[2] Plaintiff refused to comply with procedures in place for application of such leave, which will be established by documentary evidence that is properly considered herein in light of the extreme detail of the amended complaint and reference to documents and communications.

Honorable Cathy Seibel
16-cv-8819
Page 2 of 3

the continued reliance of same as a trigger for retaliation claims herein, constitute a violation of the express provisions of such agreement and release, which requires confidentiality. Significantly, such settlement also contains provisions whereby plaintiff agrees to return the settlement funds in the event of a breach of such agreement, not to prosecute any claim waived in such agreement or related to same, and to indemnify and hold YPS harmless for any future claims he asserts against the District that are waived therein. Similarly improper is the claim that the Resolution Agreement with OCR in a prior matter any way constituted some finding against YPS, which is not the case. Because the complaint improperly characterizes and incorporates significant documentary evidence, YPS intends to provide those documents to the court to refute the allegations herein.

Moreover, the administrative charge that is the precursor to the instant action is a January 14, 2016 complaint with the NYSDHR, which was dual filed with the EEOC, regarding which a finding of "no probable cause" was issued on August 8, 2016.[3] No review of that determination was sought. Accordingly, plaintiff's second and fourth claims herein under the NYHRL, are barred because plaintiff elected his state remedies and cannot now assert such claims. *See, e.g., Rumsey v. Northeast Health, Inc.*, 634 Fed. Appx. 318 (2d Cir. Jan. 28, 2016); *York v. Assoc. of the Bar of the City of New York*, 286 F. 3d 122 (2d Cir. 2002).[4]

Plaintiff's fifth and sixth claims, for breach of contract and a declaratory judgment, are barred because an individual employee has no standing to sue for violation of a collective bargaining agreement between his employer and his Union. *Berlyn v. Board of Education*, 55 N.Y. 2d 912, 449 N.Y.S. 2d 30 (1983); *Hickey v. Hempstead Union Free School Dist.*, 36 A.D. 3d 760, 829 N.Y.S. 2d 163 (2d Dep't 2007). Although plaintiff claims that he was entitled to a $3700 stipend in May 2016 (a school year where he was absent for a majority of same)[5], but only received $1850, that was the result of a settlement of a contract grievance with his Union and cannot support any claim for relief herein.

Plaintiff's first and third claims – for disability discrimination and retaliation under the ADA, also fail to state a claim upon which relief can be granted.[6] Failing to be considered for the teacher of the year, not being selected for an after school position with the All City Music Program, failure of YPS to provide press coverage for his students and failure of the District to "timely" give plaintiff the supplies he claims he needed for his students, do not constitute adverse employment actions.[7] Plaintiff has not been disciplined, demoted, terminated and has not otherwise suffered in the material terms and conditions of his employment. In the teaching context,

---

[3] The EEOC issued a Dismissal and Notice of Rights dated October 20, 2016, and adopted the findings of the SDHR.
[4] Plaintiff claims that he first sent a complaint to OCR, and it was referred to the EEOC. Nevertheless, when given the option of how to proceed, plaintiff filed an administrative charge with the SDHR, it was investigated, and the EEOC adopted that finding. Thus, his anticipated argument that he did not intend to elect his remedies is to no avail.
[5] Plaintiff also claims he developed shingles from a deal in providing his stipend from the year prior. Such delay is not actionable as an adverse employment action.
[6] Anything referenced in plaintiff's administrative charge that occurred prior to January 14, 2015 is time barred.
[7] These claims have also been investigated by the US Department of Education Officer of Civil Rights. YPS has not been found to have violated the rights of any students or plaintiff.

Honorable Cathy Seibel
16-cv-8819
Page 3 of 3

Courts have held generally that dissatisfaction with assignments, undesirable work locations and alleged lack of supplies do not constitute adverse employment actions. *Galabya v. New York City Bd. of Ed.*, 202 F. 3d. 636 (2d Cir. 2000); *see also Klein v. New York University*, 786 F. Supp. 2d 830, 845 (S.D.N.Y. 2011); *Rogers v. Roosevelt Union Free School Dist.*, 2013 U.S. Dist. Lexis 175385.

      Moreover, as found by the SDHR at the conclusion of its investigation, there are no facts illustrating disparate treatment. In the amended complaint, plaintiff merely alleged formulaic and generalized statements that he was treated differently than other unidentified similarly situated individuals. *Zuk v. Onondaga County*, 2012 U.S. App Lexis 12257, *3 (2d Cir. 2012). None of the legal standards are met here by the pro forma recitation of the elements of such a claim. Moreover, whether in the discrimination or retaliation context, there no facts to establish a causal link between the complained of actions and either his alleged disability or prior complaints.[8]

      Plaintiff also complains of an alleged failure of the YPS to honor an accommodation from 2012 that plaintiff not be forced to write on a chalkboard. Plaintiff claims that on October 13, 2015, he was directed to proctor an examination, which caused him to have to write on a chalkboard. Plaintiff fails to provide any factual link, however, between the alleged verbal notice to unidentified administrators of his view that proctoring exams was a violation of his years old accommodation, and the exam on October 13, 2015, or any specific refusal of YPS to either accommodate him as necessary or honor his prior accommodation by assigning him to proctor an examination.

      Finally, realizing that his complaint is vulnerable to dismissal, plaintiff has concocted an allegedly adverse employment action by adding an allegation to the amended complaint that he was demoted from Instrumental Music Director, a non-existent title which plaintiff never held. Not only does YPS not know what plaintiff is referring to, but his personnel records, which he has now placed at issue, will conclusively refute any claim that he suffered any adverse employment action in January 2016.

      Based on the foregoing, defendants respectfully request a pre-motion conference. Should you have any questions, I can be reached by telephone at (914) 586-7061 or by email at hraimondi@traublieberman.com.

/Respectfully submitted,
Hillary J. Raimondi

Cc:    Counsel for plaintiff via ECF

---

[8] To the extent plaintiff suggests that he suffered a hostile work environment as a result of his disability, we are confident that the allegations in the complaint are insufficient to state such a claim, and no causal link has been pled between any purported "hostility" and his alleged disability.