

Himmel & Bernstein, LLP
928 Broadway, Suite 1000
New York, NY 10010
T (212) 631-0200
F (212) 631-0205
www.hbesq.com

**Tracey S. Bernstein**
tbernstein@hbesq.com

March 28, 2017

*By Efile & Email*
Hon. Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:  <u>Lento v. City of Yonkers, et. al.</u>;  16 cv 8819 (CS)

Dear Judge Seibel:

I represent plaintiff Joseph Lento in the above-captioned action.  I submit this letter in response to defendants' March 10, 2017 letter seeking to file a motion to dismiss.  Defendants should be directed to answer the complaint and proceed to discovery.  Without waiving any arguments not raised herein, plaintiff addresses what it views as defendants' key arguments.

1. **Plaintiff's January 2, 2014 Release of Claims**

Plaintiff is not seeking to pursue any claims based on defendants' discriminatory or contractual acts or omissions that arose prior to January 2, 2014 due to his execution of a general release in favor of defendants.  Any such facts from prior to January 2, 2014 are for background as well as to establish the date, and reason, the reasonable accommodations were granted to plaintiff, and to establish a protected activity arising from the settlement agreement.

2. **ADA Discrimination / Failure to Accommodate Claim**

In the context of employment discrimination claims, including ADA claims, the Second Circuit has held that "at the pleadings stage . . . a plaintiff has a '<u>minimal</u> burden' of alleging facts 'suggesting an inference of discriminatory motivation.'" <u>Vega v. Hempstead Union Free Sch. Dist.</u>, 801 F.3d 72, 84 (2d Cir. 2015) (quoting <u>Littlejohn v. City of New York</u>, 795 F.3d 297, 310).  Under <u>Iqbal</u> and <u>Twombly</u>, a plaintiff need only "plausibly allege that (1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." <u>Id</u>. *at 86*.  In sum, the allegations in the complaint "need only give plausible support to a minimal inference of discriminatory motivation." <u>Littlejohn</u>, 795 F.3d at 311.

Plaintiff has alleged facts that give plausible support to his claims of failure to provide him with agreed upon accommodations, disability discrimination and hostile work environment based upon his known and/or perceived disabilities.  These claims are based upon acts and omissions taken by defendants through their senior administrators and executives since January 2, 2014 in a continuous and ongoing manner that give rise to a minimal inference of discrimination if not more.  Such discriminatory actions included, but are not limited to, being unfairly evaluated, denied opportunities for advancement, denied agreed upon accommodations related to proctoring exams, being denied essential tools/supplies he needed to perform his job, being denied an opportunity to be a NYS Teacher of the Year which would have enhanced his career and financial prospects after he was retirement eligible, having stipend money withheld from him, etc.  In addition, non-disabled music teachers were not treated similarly with regard to the stipend and supplies. Moreover, the lack of accommodation and the stress of defendants' actions required plaintiff to seek medical assistance and take a leave of absence.  As such, plaintiff's First Cause of Action is plausible.

### 3. **ADA Retaliation Claim**

"[F]or a retaliation claim to survive a motion for judgment on the pleadings or a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) because' he has opposed any unlawful employment practice." Vega, *supra*. The adverse-employment-action inquiry for a retaliation claim has a much lower bar than for a Title VII or ADA claim of discrimination. See, Carter v. Syracuse City School Dist., 2016 US App. LEXIS 12870 (2d Cir).

In the context of a retaliation claim, an adverse employment action is any action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." Vega, *supra* (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57, 126 S.Ct. 2405 (2006)).  The proper determination is whether a reasonable person in plaintiff's position would likely be dissuaded from complaining or assisting in complaints about discrimination." Id.  While there is no exhaustive list of what constitutes an adverse employment action, courts have held that the following may qualify: discharge or demotion; denial of a provisional or permanent promotion; addition of responsibilities; involuntary transfer that entails objectively inferior working conditions, denial of benefits; denial of a requested employment accommodation; denial of training that may lead to promotional opportunities; and a shift assignment that makes a normal life difficult for the employee. See, Little v. Nat'l Broad. Co., 210 F.Supp.2d 330, 377 (SDNY 2002) (citations omitted).

While not exhaustive of the adverse employment allegations, plaintiff has plead that following his protected activities (i.e., participation in the prior action, filing the current EEOC and NYSDHR complaints, filing with the Office of Civil Rights, verbal and written complaints of discrimination and failure to accommodate to defendants administrators, etc.) he was treated as described above in Point 2.

Similar to the findings in Vega, and without conceding the point, while these actions individually "might not amount to much taken together . . . they plausibly paint a mosaic of

retaliation . . . ." <u>Vega</u>, *supra* at 9*2; see also,* <u>Hicks v. Baines</u>, 593 F.3d 159 (2d Cir. 2009); <u>Carter</u>, *supra* (from the perspective of a reasonable person in plaintiff's position, court found it plausible she would have been dissuaded from filing a discrimination complaint with the NYSDHR if she knew that as a result thereof she would be denied a request for transfer to a different school, away from those co-workers she claims caused her work-related stress condition and required her to take leave and seek medical treatment.)  As such, plaintiff's Third Cause of Action is plausible.

4. **Impact of NYSDHR's Findings on Plaintiff's Discrimination and Retaliation Claims**

Defendants argue that plaintiff's NYSHRL claims should be dismissed as plaintiff's filing with the NYSDHR constituted an election of remedies.  While plaintiff recognizes that NY case law supports this assertion, plaintiff asks the court to consider an exception in plaintiff's situation given the case law also says a plaintiff is not held to having elected his remedies when the EEOC refers the matter to the NYSDHR on its own initiative. See, <u>Bawa v. Brookhaven Nat'l Lab.</u>, 968 F.Supp.865 (SDNY 1997).

While this case is different from <u>Bawa</u>, *supra*, as plaintiff also filed with NYSDHR, it seems patently unfair to hold plaintiff to the election where he initially only filed with the EEOC and then was misled by the EEOC that he would have a faster investigation and his rights were exactly the same if he filed with the NYSDHR.  Particularly, where the EEOC made such representation out of self-interest when it could have referred it to the NYSHDR on its own initiative if it was to busy to handle the matter.  If the Court views defendants' position as persuasive, only partial dismissal of plaintiff's Second and Fourth Causes of Action would be warranted as any acts of discrimination and retaliation that were not raised in the NYSDHR filing of January 14, 2016 would still be actionable as they were not ruled on by the NYSDHR.

As to plaintiff's ADA claims, the finding by the NYSDHR that there was no probable cause to believe discrimination took place is not germane as the ADA claims are reviewed *de novo*. <u>Lewis v. N.Y. Tel. Co.</u>, 643 F. Supp. 654 (SDNY 1984).  In addition, filing with the EEOC does not constitute an election of remedies. See, <u>Bawa</u>, *supra*.  As such, the NYSDHR's finding that there was no probable cause as to plaintiff's discrimination claims does not support dismissal of plaintiff's ADA claims.

5.  **Contract Claim**

Plaintiff is willing to withdraw his Fifth and Sixth Causes of Action provided that plaintiff is not waiving his contention that such actions are evidence of his discrimination and retaliation claims.

                                                           Respectfully submitted,

                                                           *Tracey S. Bernstein*
                                                           Tracey S. Bernstein

cc: Hillary Raimondi, Esq. (via ECF & Email)